## EAST CLEVELAND (city) v MONSCHEIN

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9126. Decided Feb 25, 1929

E A Binyon, Cleveland, for City.

Payer, Minshall, Karch & Kerr, Cleveland, for Monschein.

LEVINE, J.

The claim of plaintiff in error that there was contributory negligence on the part of defendant in error and that the same was shown by her own testimony, is not sustained by the record. The mere fact that she had walked over the manhole a number of times is not conclusive upon that question for the reason that she explained in her testimony that she considered it safe. In other words, she knew of no defect.

There is direct evidence in the record on the part of one witness that she lived nearby, saw the accident, and had noticed the defect in the cover of the catchbasin for one year prior to the plaintiff's injuries. That she did not permit her son to play around the catch-basin during that time and that there was a space of about an inch between the catch-basin and the edge of the cover over it.

The claim of plaintiff in error that the municipality is not liable because there was neither actual nor constructive notice of a defect is not well taken. It is well settled that when there is a defect in the construction of the cover of the manhole that no notice to the municipality is necessary in order to charge the municipality with negligence.

In the case of **City of Cincinnati vs Rossiter, 18 O. Ap. Rep. 1,** it was held that:

"In an action against a municipality to recover for personal injuries received by falling into a manhole in the sidewalk alleged to be defectively constructed, evidence that the cover to the manhole was too small, was warped and when stepped upon in a certain place would tilt and jump from its seat, and that the accident happened in such manner, is sufficient to charge the city with notice of such unsafe condition."

In the opinion on page three, the court said:

"The charge that the lid was negligently secured, improperly fastened and improperly maintained by the defendant, under this state of the record, would raise the question of defective construction, and the proof sustains that charge.

The evidence was, that the cover was too small and warped, and when stepped upon in a certain place would tilt and jump from its seat, and that the accident happened in this manner. Under these circumstances the city would be charged with notice and no error intervened on the question of notice."

The language of that opinion states the law and we are content to follow it. It is not, however, necessary to put our holding upon that basis only, for even assuming that either actual or constructive notice is necessary in a case like the one at bar, the record discloses sufficient evidence to show that the defect existed for a period of over one year, a sufficient length of time to charge constructive notice to the municipality of the existence of the defect.

For the reasons above stated the judgment of the Common Pleas Court is hereby affirmed.

Vickery, PJ, and Sullivan, J, concur.